An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEVERN ALLEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64847

**FILED**

SEP 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Levern Allen's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Allen asserts that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). We give deference to the district court's factual findings if supported by substantial evidence but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31807

First, Allen contends that the district court erred by denying his claim that counsel was ineffective for failing to appeal his judgment of conviction. We decline to consider this assertion because it was expressly withdrawn below and was not considered by the district court. Instead, the district court considered Allen's contention that counsel was ineffective for failing to appeal the denial of his motion to reconsider sentence. The district court denied this claim because it concluded that an appeal would have been futile. Because there is no statute or court rule which authorizes an appeal from an order denying a motion to reconsider sentence, we conclude that the district court did not err by denying this claim.

Second, Allen contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate the case. The district court denied this claim because Allen failed to demonstrate a reasonable probability of a different outcome had further investigation been undertaken. We agree, *see Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004), and conclude that the district court did not err by denying this claim.

Third, Allen contends that the district court erred by denying his claim that counsel was acting under an actual conflict of interest because he was unable to pay his attorney's fees. The district court denied this claim because Allen failed to demonstrate that an actual conflict existed. We agree and conclude that the district court did not err by denying this claim. *Cf. Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374,

1376 (1992) (an actual conflict of interest existed where counsel had initiated a civil proceeding against his client to recover attorney's fees).

Fourth, Allen contends that the district court erred by denying his claim that counsel was ineffective for failing to seek a ruling regarding whether the State would be permitted to seek additional charges before encouraging him to plead guilty. We decline to consider this assertion because it was not raised below; moreover, Allen fails to demonstrate that counsel would have been successful had he challenged the State on this basis. *See generally Thompson v. State*, 125 Nev. 807, 812, 221 P.3d 708, 712 (2009) (explaining the prosecutor's authority to proceed by indictment and information). To the extent Allen asserts he was coerced by the State's actions, we conclude that no relief is warranted because Allen admitted in the guilty plea agreement and canvass that he had discussed the charges with counsel, understood the consequences of pleading guilty, and chose to plead guilty because he believed doing so was in his best interest. *Molina*, 120 Nev. at 191, 87 P.3d at 537-38 ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently." (internal quotation marks omitted)). The totality of the circumstances demonstrates that Allen was able to rationally weigh the advantages of going to trial rather than pleading guilty. *See Brady v. United States*, 397 U.S. 742, 750 (1970); *Schoultz v. Warden*, 88 Nev. 135, 139, 494 P.2d 274, 276 (1972) ("[A] guilty plea is not

'coerced' merely because motivated by desire to avoid the possibility of a higher penalty.").

We conclude that the district court did not err, and we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]We have reviewed all documents that Allen has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that Allen has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc:   Hon. Michael Villani, District Judge
Sandra L. Stewart
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A